UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

THOMAS NICHOLSON,              )  1:06CV3041
                               )
        Petitioner             )  JUDGE SOLOMON OLIVER
                               )  (Magistrate Judge Kenneth S. McHargh)
        v.                     )
                               )
STUART HUDSON,                 )
        Warden,                )
                               )
        Respondent             )  REPORT AND RECOMMENDED
                               )  <u>DECISION OF MAGISTRATE JUDGE</u>


McHARGH, MAG. J.

        The petitioner, Thomas Nicholson ("Nicholson"), has filed pro se a petition for

a writ of habeas corpus arising out of his 2002 convictions on two counts of rape, one

count of kidnapping, and two counts of aggravated robbery  in the Cuyahoga

County, Ohio, Court of Common Pleas.  (Doc. 1.)  The petition is based on nine

grounds:

> 1.  The petitioner was denied the effective assistance of appellate
> counsel in violation of his Sixth and Fourteenth Amendment rights
> under the United States Constitution and Article I Section 10 of the
> Ohio Constitution for counsel's failure to raise the issue that the trial
> court erred in sentencing petitioner to more than the minimum prison
> term in violation of the mandates embodied under <u>Apprendi v. New
> Jersey</u>, (2000) 530 U.S. 466; <u>Blakely v. Washington</u>, (2004) 124 S.Ct.
> 2531 and <u>State v. Foster</u>, Supreme Court No. 2004-1568.

> 2.  The petitioner was denied the effective assistance of appellate
> counsel in violation of his Sixth and Fourteenth Amendment rights
> under the United States Constitution and Article I Section 10 of the
> Ohio Constitution for counsel's failure to raise the issue that the trial
> court erred when declaring petitioner to be a sexual predator.

3.  The petitioner was denied the effective assistance of appellate counsel in violation of his Sixth and Fourteenth Amendment rights under the United States Constitution and Article I Section 10 of the Ohio Constitution due to his failure to raise the issue that petitioner's guilty plea was unknowingly made due to the court's failure to inform him that post-release control would be a mandatory part of his sentence.

4.  The Ohio court of appeals violated petitioner's due process rights under the Fourteenth Amendment to the United States Constitution and Article I Section 10 of the Ohio Constitution when it dismissed his appeal for reasons unfounded in fact.

5.  The trial court abused its discretion and violated petitioner's Fourteenth Amendment rights under the United States Constitution and Article I Section 10 of the Ohio Constitution by dismissing petitioner's post-conviction petition after he showed a prima facie showing of ineffective assistance of trial counsel.

6.  The trial court erred when it failed to strictly comply with criminal rule 11(C) by failing to properly advise petitioner of his right to compulsory process in violation of his Fourteenth Amendment rights under the United States Constitution and Article I Section 10 of the Ohio Constitution.

7.  The state trial court violated petitioner's Fourteenth Amendment rights under the United States Constitution and Article I Section 10 of the Ohio Constitution when failing to allow petitioner to withdraw his involuntary guilty plea.

8.  The trial court violated petitioner's Fourteenth Amendment rights to due process and Article I Section 10 of the Ohio Constitution when ordering consecutive sentences.

9.  The Ohio Court erred in sentencing petitioner to more than the minimum sentence when he had not previously served a prison term in violation of the Fourteenth Amendment under the United States Constitution and Article I Section 10 of the Ohio Constitution.

(Doc. 1, at [8]-[9].)

2

The respondent contends that the first three grounds are procedurally defaulted (doc. 6, at 22-23), as are the sixth, eighth and ninth grounds (id. at 39-40). The respondent argues that the fourth and seventh grounds are issues of state law which are not cognizable in federal habeas. Id. at 36, 41. In addition, the respondent claims that the fifth ground has been waived. Id. at 38.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

### A.  Direct Appeal

The Ohio Court of Appeals set forth the following factual and procedural background:

> On April 29, 2002, Appellant was indicted on sixteen counts, which included rape, aggravated robbery, and aggravated burglary with firearm specifications. On the day of the scheduled trial, Appellant and the state notified the trial court that each had agreed to a plea agreement.
>
> The trial court held a plea hearing where it engaged in a colloquy with the Appellant. At the hearing, the Appellant indicated that he understood all of his constitutional rights and that he would be waiving those rights by pleading guilty. Included in those rights, the trial court informed the Appellant that "you have a right to subpoena witnesses into court to testify." Appellant also indicated that he understood the penalties associated with his plea and stated that he was not threatened or coerced in any way in regards to his pleading guilty. Additionally, Appellant stated that he was satisfied with the representation of his trial counsel.
>
> After Appellant indicated the plea was being made of his own free will, the appellant pled guilty to two counts of rape with firearm specifications, one count of kidnapping with a firearm specification, and two counts of aggravated robbery with firearm specifications. In exchange for the Appellant's guilty plea, the state nolled the remaining

eleven counts in the indictment. The trial court accepted the plea and scheduled a sentencing hearing for November 18, 2002.

At the sentencing hearing, the Appellant made an oral motion to withdraw his guilty plea. The trial court denied this motion without any hearing and sentenced Appellant to a three year prison term on all firearm specifications, to be served prior to and consecutively to four years as to each of counts 1, 4, 5, 11, 16 on underlying charges, counts to run consecutively to each other. Additionally, the trial court held a sexual predator hearing in which the Appellant was classified as a sexual predator and informed of registration requirements.

Appellant filed a motion for delayed appeal and in *State v. Nicholson,* Cuyahoga App. No. 82825, 2004-Ohio-2394, (*"Nicholson I"*), Appellant first appealed to this court asserting two assignments of error. First, he claimed that the trial court erred when it refused to hold a hearing concerning the Appellant's request to withdraw his guilty plea. He also alleged that trial counsel failed to provide effective assistance of counsel by failing to appeal the trial court's refusal to hold a hearing concerning the motion to withdraw a guilty plea. We concluded that the trial court erred by failing to hold a hearing on Appellant's motion to withdraw his guilty plea. Additionally, we found that, because the first assignment of error was dispositive of the case, the second assignment of error was moot. Therefore, we vacated the trial court's denial of Appellant's motion to withdraw his plea and reversed and remanded the case to the trial court for a hearing.

On remand, the trial court held a hearing on the motion to withdraw the guilty plea. After the Appellant's trial counsel testified, as well as the Appellant on his own behalf, the trial court denied Appellant's motion to withdraw the guilty plea.

(Doc. 6 RX 1; <u>State v. Nicholson</u>, No. 85201, 2005 WL 2172418, at *1-*2 (Ohio Ct.

App. Sept. 8, 2005).))

On appeal of the decision on remand, Nicholson raised four assignments of

error:

1. The trial court erred when it failed to strictly comply with Crim.R. 11(C) by failing to properly advise Appellant of his right of compulsory process of witnesses.

4

     2.  The trial court erred in not granting Appellant's motion to withdraw plea.

     3.  The trial court erred by ordering consecutive sentences without making the appropriate findings.

     4.  The trial court erred in sentencing Appellant to more than the minimum prison sentence when he had not previously served a prison term.

(Doc. 6, RX 17.)  The appellate court affirmed the judgment of the trial court.  (Doc.

6, RX 1; State v. Nicholson, No. 85201, 2005 WL 2172418 (Ohio Ct. App. Sept. 8,

2005.))

     On Oct. 24, 2005, Nicholson filed a timely notice of appeal with the Ohio

Supreme Court.  He set forth four propositions of law:

     1.  The trial court erred when it failed to strictly comply with Crim.R. 11(C) by failing to properly advise appellant of his right of compulsory process of witnesses in violation of his Fourteenth Amendment Rights under the United States Constitution and Article I Section 10 of the Ohio Constitution.

     2.  The trial court erred in not granting appellant's motion to withdraw plea in violation of the Fourteenth Amendment under the United States Constitution and Article I Section 10 of the Ohio Constitution.

     3.  The trial court erred by ordering consecutive sentences without making the appropriate findings in violation of the Fourteenth Amendment and Article I Section 10 of the Ohio Constitution.

     4.  The trial court erred in sentencing Appellant to more than the minimum prison sentence when he had not previously served a prison term in violation of the Fourteenth Amendment under the United States Constitution and Article I Section 10 of the Ohio Constitution.

(Doc. 6, RX 21.)  On Feb. 8, 2006, the Ohio Supreme Court denied leave to appeal

and dismissed the appeal as not involving any substantial constitutional question.

(Doc. 6, RX 22; State v. Nicholson, 108 Ohio St.3d 1438, 842 N.E.2d 63 (2006).)


### B.  Petition for Post-conviction Relief

On Apr. 30, 2003, Nicholson filed a pro se petition to vacate or set aside

sentence, on the basis that he was coerced into pleading guilty by trial counsel, and

was not informed of his right to appeal.  (Doc. 6, RX 23.)  He then filed a amended

petition for post-conviction relief on Feb. 13, 2004, on the basis of ineffective

assistance of counsel.  (Doc. 6, RX 24.)  The court denied these petitions as without

merit. (Doc. 6, RX 25.)

Nicholson appealed the denial of his petition on May 8, 2006, presenting a

single assignment of error:

> 1.  The trial court abused its discretion and violated appellant's
> Fourteenth Amendment Rights under the United States Constitution
> and Article I Section 10 of the Ohio Constitution by dismissing
> appellant's post-conviction petition after he showed a prima facie
> showing of ineffective assistance of trial counsel.

(Doc. 6, RX 27.)  The appeal was denied, because Nicholson failed to file the trial

court record.  (Doc. 6, RX 29, Appeal No. 88136.)

On Aug. 21, 2006, Nicholson filed a timely notice of appeal with the Ohio

Supreme Court.  He set forth two propositions of law:

> 1.  The Court of Appeals violated appellant's due process rights under
> the Fourteenth Amendment of the United States Constitution and

Article I Section 10 of the Ohio Constitution when it dismissed his
appeal for reasons unfounded in fact.

2.  The trial court abused its discretion and violated appellant's
Fourteenth Amendment Rights under the United States Constitution
and Article I Section 10 of the Ohio Constitution by dismissing
appellant's post-conviction petition after he showed a prima-facie
showing of ineffective assistance of trial counsel.

(Doc. 6, RX 32.)  On Nov. 1, 2006, the Ohio Supreme Court denied leave to appeal

and dismissed the appeal as not involving any substantial constitutional question.

(Doc. 6, RX 33; State v. Nicholson, 111 Ohio St.3d 1472, 855 N.E.2d 1260 (2006).)


### C.  Application to Re-open Appeal

On May 22, 2006, Nicholson moved, under Ohio App.R. 26(B), to re-open his

appeal on the grounds that appellate counsel was ineffective.  Nicholson raised

three assignments of error:

1.  The appellant was denied the effective assistance of appellate
counsel in violation of his Fourteenth Amendment rights under the
United States Constitution and Article I Section 10 of the Ohio
Constitution for counsel's failure to raise the issue that the trial court
erred in sentencing appellant to more than the minimum prison
sentence when he had not previously served a prison term in violation
of appellant's Fifth, Sixth, and Fourteenth Amendment rights under
the United States Constitution and Article I Section 10 of the Ohio
Constitution.

2.  Appellant was denied the effective assistance of appellate counsel in
violation of his Sixth and Fourteenth Amendment rights under the
United States Constitution and Article I Section 10 of the Ohio
Constitution for counsel's failure to raise the issue that the trial court
erred when declaring appellant to be a sexual predator.

3.  The appellant was denied the effective assistance of appellate
counsel in violation of his Sixth and Fourteenth Amendment rights

7

under the United States Constitution and Article I Section 10 of the
Ohio Constitution due to his failure to raise the issue that appellant's
guilty plea was unknowingly made due to the court's failure to inform
him that post-release control would be part of his sentence.

(Doc. 6, RX 34.)  The application to reopen was denied as untimely.  (Doc. 6, RX 36;

State v. Nicholson, No. 82825, 2006 WL 1644968 (Ohio Ct. App. June 9, 2006.))

Nicholson appealed that determination to the Ohio Supreme Court, setting

forth three propositions of law:

1.  The appellant was denied the effective assistance of appellate
counsel in violation of his Sixth and Fourteenth Amendment rights
under the United States Constitution and Article I Section 10 of the
Ohio Constitution for counsel's failure to raise the issue that the trial
court erred in sentencing appellant to more than the minimum prison
term in violation of the mandates embodied under Apprendi v. New
Jersey, (2000) 530 U.S. 466; Blakely v. Washington, (2004) 124 S.Ct.
2531 and State v. Foster, Supreme Court No. 2004-1568.

2.  The appellant was denied the effective assistance of appellate
counsel in violation of his Sixth and Fourteenth Amendment rights
under the United States Constitution and Article I Section 10 of the
Ohio Constitution for counsel's failure to raise the issue that the trial
court erred when declaring appellant to be a sexual predator.

3.  The appellant was denied the effective assistance of appellate
counsel in violation of his Sixth and Fourteenth Amendment rights
under the United States Constitution and Article I Section 10 of the
Ohio Constitution due to his failure to raise the issue that appellant's
guilty plea was unknowingly made due to the court's failure to inform
him that post-release control would be part of his sentence.

(Doc. 6, RX 39.)  On Oct. 4, 2006, the Ohio Supreme Court denied leave to appeal

and dismissed the appeal as not involving any substantial constitutional question.

(Doc. 6, RX 40; State v. Nicholson, 111 Ohio St.3d 1416, 854 N.E.2d 1094 (2006).)

Nicholson filed his petition for a writ of habeas corpus in this court on Dec. 21, 2006.  (Doc. 1.)

## II.  HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus.  Under the AEDPA, federal courts have limited power to issue a writ of habeas corpus with respect to any claim which was adjudicated on the merits by a state court.  The Supreme Court, in Williams v. Taylor, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-13 (2002).  See also Lorraine v. Coyle, 291 F.3d 416, 421-422 (6th Cir. 2002), cert. denied, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set

forth in [Supreme Court] cases." <u>Williams</u>, 529 U.S. at 405.  <u>See also</u> <u>Price v. Vincent</u>, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect.  Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law.  <u>Williams</u>, 529 U.S. at 410-12; <u>Lorraine</u>, 291 F.3d at 422.

Nicholson has filed his petition pro se.  The pleadings of a petition drafted by a pro se litigant are held to less stringent standards than formal pleadings drafted by lawyers, and will be liberally construed.  <u>Urbina v. Thoms</u>, 270 F.3d 292, 295 (6th Cir. 2001) (citing <u>Cruz v. Beto</u>, 405 U.S. 319 (1972); <u>Haines v. Kerner</u>, 404 U.S. 519 (1972) (per curiam)).  Other than that, no special treatment is afforded litigants who decide to proceed pro se.  <u>McNeil v. United States</u>, 508 U.S. 106, 113 (1993) (strict adherence to procedural requirements); <u>Jourdan v. Jabe</u>, 951 F.2d 108 (6th Cir. 1991); <u>Brock v. Hendershott</u>, 840 F.2d 339, 343 (6th Cir. 1988).

Several of the grounds put forward by Nicholson allege violations of the Ohio Constitution.  The question before this federal habeas court is whether the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.  Federal habeas relief is not available for a claimed violation of state law, thus any alleged violation of the Ohio Constitution is not properly before this court.  <u>See</u> <u>Lewis v. Jeffers</u>, 497 U.S. 764, 780 (1990).

10

### III.  EXHAUSTION AND PROCEDURAL DEFAULT

The respondent contends that several of the petition's grounds are procedurally defaulted.  (Doc. 6, at 22-23, 39-40.)

A habeas petitioner cannot obtain relief unless he has completely exhausted his available state remedies.  Coleman v. Thompson, 501 U.S. 722, 731 (1991); Buell v. Mitchell, 274 F.3d 337, 349 (6th Cir. 2001) (citing Coleman v. Mitchell, 244 F.3d 533, 538 (6th Cir.), cert. denied, 534 U.S. 977 (2001)).  The exhaustion requirement is satisfied when the highest court in the state has been given a full and fair opportunity to rule on the petitioner's claims.  Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994) (citing Manning v. Alexander, 912 F.2d 878, 881 (6th Cir. 1990)).  A petitioner cannot circumvent the exhaustion requirement by failing to comply with state procedural rules.  Coleman, 501 U.S. at 731-732; Buell, 274 F.3d at 349.

Where a state court has failed to address a prisoner's federal claim(s) because the prisoner failed to meet a state procedural requirement, the state judgment rests on independent and adequate state procedural grounds, barring federal habeas relief.  Coleman, 501 U.S. at 729-730; Wainwright v. Sykes, 433 U.S. 72 (1977); Morales v. Coyle, 98 F.Supp.2d 849, 860 (N.D. Ohio 2000).  Thus, where a state prisoner has procedurally defaulted his federal claims in state court, habeas review of those claims is barred "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."  Buell, 274 F.3d at 348 (quoting Coleman, 501 U.S. at 750).

11

The court considers four factors to determine whether a claim has been procedurally defaulted:  (1) the court must determine whether there is a state procedural rule that is applicable to the petitioner's claim, and whether the petitioner failed to comply with the rule; (2) the court must decide whether the state courts actually enforced the procedural sanction; (3) the court must decide whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of the federal claim; and, (4) the petitioner must demonstrate that there was cause for him not to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional error.  Buell, 274 F.3d at 348 (citing Maupin v. Smith, 785 F.2d 135, 138 (6th Cir. 1986)); Jacobs v. Mohr, 265 F.3d 407, 417 (6th Cir. 2001) (quoting Maupin).

### A.  First three grounds:  Ineffective assistance of appellate counsel

The respondent argues that the first three grounds, claiming ineffective assistance of appellate counsel, are procedurally defaulted because they were presented to the state court in an untimely Rule 26(B) application.  (Doc. 6, at 22-24.)

Claims of ineffective assistance of appellate counsel must be raised in a motion for reconsideration before the Ohio Court of Appeals.  Monzo v. Edwards, 281 F.3d 568, 577 (6th Cir. 2002) (citing State v. Murnahan, 63 Ohio St.3d 60, 584 N.E.2d 1204 (1992)); Ohio App. R. 26(B).  Such a motion must be filed in the court of appeals within 90 days of the appellate judgment.  State v. Lamar, 102 Ohio St.3d

12

467, 468, 812 N.E.2d 970 (2004) (per curiam), <u>cert. denied</u>, 543 U.S. 1168 (2005);

<u>State v. Reddick</u>, 72 Ohio St. 3d 88, 90, 647 N.E.2d 784, 786 (1995) (per curiam).

The appellate judgment here was entered in May 2004.  (Doc. 6, RX 12; <u>State v.</u>

<u>Nicholson</u>, No. 82825, 2004 WL 1067503 (Ohio Ct. App. May 13, 2004.)) Nicholson's

application to reopen was not filed until May 22, 2006.  (Doc. 6, RX 34.)

 Nicholson's application was rejected as untimely.  Additionally, the court

found that he had not shown good cause to excuse the untimely filing.  (Doc. 6, RX

36; <u>Nicholson</u>, 2006 WL 1644968.)

 Rule 26(B)'s 90-day filing period is a state procedural rule applicable to

Nicholson's claim, and the state court found that Nicholson failed to comply with

the timely-filing provision.  The state court  enforced the procedural sanction by

denying his application for reopening.  The Sixth Circuit has found that the "good

cause" requirement in Rule 26(B) is an adequate state procedural ground.  <u>Monzo</u>,

281 F.3d at 578; <u>Smith v. Ohio Dept. of Rehab. and Corr.</u>, 331 F.Supp.2d 605, 621-

622 (N.D. Ohio 2004), <u>aff'd</u>, 463 F.3d 426 (6th Cir. 2006).  <u>See generally</u> <u>Edwards</u>,

529 U.S. at 453 (ineffective assistance of counsel claim asserted as cause for another

procedurally defaulted federal claim can itself be procedurally defaulted).

 Thus, Nicholson must demonstrate there was cause for him not to follow the

procedural rule.  To establish cause, the petitioner must show that "some objective

factor external to the defense" prevented his compliance with the state's procedural

rule.  <u>Bonilla v. Hurley</u>, 370 F.3d 494, 498 (6th Cir. 2004) (per curiam), <u>cert. denied</u>,

543 U.S. 989 (2004) (quoting <u>Murray v. Carrier</u>, 477 U.S. 478, 488 (1986)).  In

13

<u>Bonilla</u>, a pro se petitioner failed to establish cause for his procedural default despite the sudden departure of his attorney, ignorance of the legal and procedural requirements, and limited access to the prison's law library.  <u>Id.</u>

In support of cause, Nicholson had argued:

Appellant has two valid reasons for being untimely in his filing.

First, after he was convicted, appellant requested that his appellate counsel raise several important issues regarding his conviction and sentence, however counsel refused and only raised issues regarding the trial court's failure to hold a hearing on his motion to withdraw his guilty plea.  * * *

Even though this appeal resulted in the court of appeals remanding appellant's case back for a evidentiary hearing on his motion to vacate plea, it did nothing to attack his unconstitutional plea and sentence as a whole.

Secondly, after this hearing, appellant was appointed another counsel for purposes of appeal under Case No. 85201.

This appellate counsel * * * advised appellant not to file a application for re-opening "pro-se" and instead, appellate counsel raised issues on that appeal that should have been raised by appellant in a motion for reopening.

Appellate counsel's ineffective performance resulted in these issues being barred by the doctrine of res-judicata.  * * *

Appellant contends that due to ill advice and ill performance from both of his appellate counsels, he has not been able to file his meritorious appellate issues in a timely manner.

Therefore, appellant has been untimely essentially due to receiving ineffective assistance of appellate counsel on both of his appeals.

(Doc. 6, RX 34, at 1-2; <u>see also</u> doc. 7, at 1-2.)  The state court found his reasons inadequate to excuse the untimely filing.

14

Nicholson's reasons for his untimely filing clearly relate to litigation choices made by his counsel on appeal.  Appellate counsel are expected to use their judgment to determine which claims to raise on appeal.  Appellate counsel is not ineffective for failing to raise every colorable claim which may exist.[1]  Monzo, 281 F.3d at 579; Coleman v. Mitchell,  268 F.3d 417, 430 (6th Cir. 2001), cert. denied, 535 U.S. 1031 (2002) (citing Jones v. Barnes, 463 U.S. 745 (1983)).  Moreover, because an application to reopen under Rule 26(B) is a collateral post-conviction procedure, and not part of the direct appeal, there is no federal constitutional right to effective assistance of counsel in that proceeding.  Lopez v. Wilson, 426 F.3d 339 (6th Cir. 2005) (en banc), cert. denied, 547  U.S. 1099 (2006).

Nicholson has failed to show cause to excuse his procedural default.  Because Nicholson has not shown cause, it is unnecessary to consider the issue of prejudice. Murray, 477 U.S. at 494; Shabazz v. Ohio, 149 F.3d 1184, 1998 WL 384559, at *1 (6th Cir. June 18, 1998) (TABLE, text in WESTLAW).

The first, second, and third claims have been procedurally defaulted.


## B.  Res judicata

The respondent argues that the sixth, eighth and ninth grounds are procedurally defaulted because Nicholson attempted to present them in his appeal

---

[1] Failure to raise an issue on appeal constitutes ineffective assistance only if there is "a reasonable probability" that the issue would have changed the result of the appeal.  Ivory v. Jackson, 509 F.3d 284, 294 (6th Cir. 2007).

of the decision on remand, and the appellate court ruled that they were barred by res judicata.  (Doc. 6, at 39-40.)

The sixth ground, concerning the trial court's alleged failure to comply with Criminal Rule 11(C) was raised as the first assignment of error in the appeal of the decision on remand.  The eighth ground, alleging a due process violation in the consecutive sentences, was raised as the third assignment of error.  The ninth ground, alleging another constitutional sentencing violation, was raised as the fourth assignment of error in that appeal.  (Doc. 6, RX 17.)

Nicholson argues that these claims should not be considered defaulted because they were properly raised in a motion to withdraw his guilty plea.  (Doc. 7, at 12.)  Nicholson's motion to withdraw was an oral motion, and at the hearing on the motion, the Rule 11(C) issue regarding the right of compulsory process of witnesses was raised.  (Doc. 6, RX 14, at 7-8.)  However, at that same hearing, the prosecutor argued that the issue had been waived, because it had not been raised on direct appeal.  Id. at 9.  There is no indication that Nicholson raised the sentencing issues at the hearing.  See generally doc. 6, RX 14.

The state court of appeals ruled:

Res judicata prevents consideration regarding Appellant's first, third and fourth assignments of error, as these claims were not raised on direct appeal. See State v. Brown, Cuyahoga App. No. 84322, 2004-Ohio-6421; State v. Rodriguez, Cuyahoga App. No. 84161, 2004-Ohio-6010.  As we expressed in Rodriguez, "any issue which was raised or which could have been raised at trial or on direct appeal may not be relitigated at a later date."  Id., citing State v. Perry (1967), 10 Ohio St.2d 175, 226 N.E.2d 104; State v. Cole (1982), 2 Ohio St.3d 112, 443 N.E.2d 169. See, also, State v. Gillard, 78 Ohio St.3d 548, 549,

16

> 1997-Ohio-183, 679 N.E.2d 276 (on appeal after remand, "new issues"
> are barred by res judicata).

(Doc. 6 RX 1; <u>Nicholson</u>, 2005 WL 2172418, at *2.)

As noted by the state court, Nicholson did not raise these claims before the

Ohio Court of Appeals on his original direct appeal.  <u>See generally</u> doc. 6, RX 10.

Because the claims were not raised, they are barred by the Ohio rule of res judicata.

<u>Lott v. Coyle</u>, 261 F.3d 594, 611-612 (6th Cir. 2001), <u>cert. denied</u>, 534 U.S. 1147

(2002); <u>Rust</u>, 17 F.3d at 160-161; <u>State v. Szefcyk</u>, 77 Ohio St.3d 93, 671 N.E.2d 233

(1996) (syllabus); <u>State v. Perry</u>, 10 Ohio St.2d 175, 176, 226 N.E.2d 104, 105-106

(1967) (syllabus, ¶9).  Res judicata would bar Nicholson from litigating an issue that

could have been raised on direct appeal.  <u>Perry</u>, 10 Ohio St.2d at 180, 226 N.E.2d at

108.  The Ohio Supreme Court has ruled that arguments that could have been

raised in an initial appeal (and were not) will be barred from consideration on

appeal following remand, under the doctrine of res judicata.  <u>State v. Hutton</u>, 100

Ohio St.3d 176, 182, 797 N.E.2d 948, 956 (2003); <u>State v. Gillard</u>, 78 Ohio St.3d 548,

549, 679 N.E.2d 276 (1997), <u>cert. denied</u>, 523 U.S. 1108 (1998).

The Ohio rule of res judicata satisfies the first three factors in <u>Maupin</u>.

<u>Jacobs</u>, 265 F.3d at 417.  The fourth factor is that the petitioner must demonstrate

that there was cause for him not to follow the procedural rule, and that he was

actually prejudiced by the alleged constitutional error.  "Cause" for a procedural

default is ordinarily shown by "some objective factor external to the defense" which

17

impeded the petitioner's efforts to comply with the state's procedural rule.

Coleman, 501 U.S. at 753 (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)).

Nicholson has failed to argue cause to excuse his procedural default with regard to these three claims.  The sixth, eighth and ninth grounds are procedurally defaulted.

## IV.  DUE PROCESS VIOLATIONS

The fourth and fifth grounds allege due process violations.  The fourth ground of the petition is that:

> The Ohio court of appeals violated petitioner's due process rights under the Fourteenth Amendment to the United States Constitution and Article I Section 10 of the Ohio Constitution when it dismissed his appeal for reasons unfounded in fact.

The respondent argues that this ground is a state law issue not cognizable in a federal habeas action.   (Doc. 6, at 36-38.)

The fifth ground is that:

> The trial court abused its discretion and violated petitioner's Fourteenth Amendment rights under the United States Constitution and Article I Section 10 of the Ohio Constitution by dismissing petitioner's post-conviction petition after he showed a prima facie showing of ineffective assistance of trial counsel.

The respondent argues that this ground has been waived.  (Doc. 6, at 38-39.)

These two grounds are based on the denial of Nicholson's appeal concerning his petition for post-conviction relief.  (Doc. 6, RX 27, 29, Appeal No. 88136.)  The appeal was dismissed for  failure to file the trial court record.  (Doc. 6, RX 29.)

18

Nicholson argues that no transcript was needed for the determination of his appeal, thus none was requested.  (Doc. 7, at 9.)  Nicholson claims that the state's ruling violated his due process rights, but does not identify a constitutional violation.

A petition for post-conviction relief, pursuant to Ohio Rev. Code § 2953.21, is a civil proceeding.  Normand v. McAninch, 210 F.3d 372, 2000 WL 377348, at *5 (6th Cir. 2000) (TABLE, text in WESTLAW) (citing State v. Nichols, 11 Ohio St.3d 40, 463 N.E.2d 375 (1984)); Ewing v. McMackin, 799 F.2d 1143, 1151 n.15 (6th Cir. 1986).  Even if a habeas petitioner can demonstrate that some error occurred during state post-conviction proceedings, the claim is not cognizable on federal habeas review.  Cress v. Palmer, 484 F.3d 844, 853 (6th Cir. 2007); Roe v. Baker, 316 F.3d 557, 571 (6th Cir. 2002), cert. denied, 540 U.S. 853 (2003) (citing Kirby v. Dutton, 794 F.2d 245, 247 (6th Cir. 1986)); Greer v. Mitchell,  264 F.3d 663, 681 (6th Cir. 2001), cert. denied, 535 U.S. 940 (2002); Montgomery v. Meloy, 90 F.3d 1200, 1206 (7th Cir.), cert. denied, 519 U.S. 907 (1996) (citing cases).  Habeas relief cannot be granted for an alleged due process violation in a post-conviction proceeding because the claim relates to a state civil matter.   Roe, 316 F.3d at 570-571 (citing Kirby, 794 F.2d at 247).

The petition should not be granted on the fourth or fifth grounds.


V.  MOTION TO WITHDRAW GUILTY PLEA

The seventh ground of the petition is:

> The state trial court violated petitioner's Fourteenth Amendment rights under the United States Constitution and Article I Section 10 of the Ohio Constitution when failing to allow petitioner to withdraw his involuntary guilty plea.

The respondent contends that this claim was not fairly presented to the state courts as a federal claim.  (Doc. 6, at 41-45.)

Nicholson presented this claim as his second assignment of error on appeal of the decision on remand, to wit:  "The trial court erred in not granting Appellant's motion to withdraw plea."  (Doc. 6, RX 17.)  In support of the claim, Nicholson presented the following argument, in full:

> After his guilty pleas but prior to sentencing, Appellant made a motion to withdraw his guilty plea.  The trial court denied this motion without proper inquiry.  This matter was remanded to the trial court for a further hearing.  Appellant stated his reasons for wanting to withdraw his pleas but the court summarily dismissed him and his reasons.  Crim.R. 32.1 allows for the withdrawal of a guilty plea before sentence is imposed.  In <u>State v Xie</u> (1992), 62 Ohio St.3d 521, the Ohio Supreme Court, citing <u>State v. Peterseim</u> (1980), 68 Ohio App.2d 211, held that the general rule is that motions to withdraw pleas before sentencing are to be *freely allowed and with liberality*.  The trial court erred in not allowing Appellant to withdraw his plea and thus his conviction must be reversed.

(Doc. 6, at 8-9, emphasis in original.)

This court does not have jurisdiction to consider a federal claim in a habeas petition which was not fairly presented to the state courts.  <u>Baldwin v. Reese</u>, 541 U.S. 27 (2004); <u>Jacobs</u>, 265 F.3d at 415.  The Sixth Circuit has stated:

> A claim may only be considered "fairly presented" if the petitioner asserted both the factual and legal basis for his claim to the state courts.  This court has noted four actions a defendant can take which are significant to the determination whether a claim has been "fairly presented":  (1) reliance upon federal cases employing constitutional

analysis;  (2) reliance upon state cases employing federal constitutional analysis;  (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right;  or (4) alleging facts well within the mainstream of constitutional law.

McMeans v. Brigano, 228 F.3d 674, 681 (6th Cir. 2000), cert. denied, 532 U.S. 958 (2001) (citing Franklin v. Rose, 811 F.2d 322, 325-326 (6th Cir. 1987)).  See also Hicks v. Straub, 377 F.3d 538, 552-554 (6th Cir. 2004), cert. denied, 544 U.S. 928 (2005).  To "fairly present" the claim to the state courts, a habeas petitioner must present his claim as a federal constitutional issue, not as an issue arising under state law.  Koontz v. Glossa, 731 F.2d 365, 368 (6th Cir. 1984).

Nicholson presented this claim to the appellate court as an issue of state law. Nicholson did not rely upon federal cases employing constitutional analysis, nor did he present his claim to the state court as a denial of a constitutional right.  He referred to State v Xie, in which the Ohio Supreme Court held that "[a] defendant does not have an absolute right to withdraw a guilty plea prior  to sentencing." State v Xie, 62 Ohio St.3d 521, 584 N.E.2d 715 (1992) (syllabus).  The court also ruled that "[t]he decision to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court."  Id.  The Xie decision was not based on federal constitutional law[2], but rather interpreted Ohio Criminal Rule 32.1.

---

[2] Although Xie cited Barker v. United States, 579 F.2d 1219, 1223 (10th Cir. 1978), in passing, that decision was not based on federal constitutional grounds either.  See Xie, 62 Ohio St.3d at 526, 584 N.E.2d at 719.

In addition, even if the claim had been properly presented, this habeas court lacks authority to adjudicate a claim that the state court improperly denied a motion to withdraw a guilty plea.  <u>Artiaga v. Money</u>, No. 3:04CV7121, 2007 WL 928640, at *2 (N.D. Ohio Mar. 27, 2007).  Federal habeas relief is not available for a claimed violation of state law, thus any  alleged violation of Ohio Criminal Rule 32.1 is not properly before this court.  <u>Lewis</u>, 497 U.S. at 780.

Nicholson did not fairly present his claim to the state courts as a federal constitutional claim, thus this court cannot consider it.  The petition should not be granted on the seventh ground.


## VI.  SUMMARY

The petition for a writ of habeas corpus should be denied.  The first, second, third, sixth, eighth, and ninth claims have been procedurally defaulted.  The fourth and fifth claims are not cognizable on federal habeas review.  The seventh ground was not fairly presented to the state courts as a federal claim.


## <u>RECOMMENDATION</u>

It is recommended that the petition be denied.


Dated:   <u>Feb. 5, 2008</u>                        <u>/s/ Kenneth S. McHargh</u>
                                              Kenneth S. McHargh
                                              United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the District Court's order.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).