UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS NICHOLSON, | ) | Case No.: 1:06 CV 3041 |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| STUART HUDSON, WARDEN, | ) | |
| | ) | |
| Respondent | ) | <u>ORDER</u> |

On December 21, 2006, Petitioner Thomas Nicholson ("Nicholson" or "Petitioner") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (ECF No. 1.)  The Petition is based on nine grounds:

> 1. The petitioner was denied the effective assistance of appellate counsel in violation of his Sixth and Fourteenth Amendment rights under the United States Constitution and Article I Section 10 of the Ohio Constitution for counsel's failure to raise the issue that the trial court erred in sentencing petitioner to more than the minimum prison term in violation of the mandates embodied under *Apprendi v. New Jersey*, (2000) 530 U.S. 466; *Blakely v. Washington*, (2004) 124 S.Ct. 2531 and *State v. Foster*, Supreme Court No. 2004-1568.

> 2. The petitioner was denied the effective assistance of appellate counsel in violation of his Sixth and Fourteenth Amendment rights under the United States Constitution and Article I Section 10 of the Ohio Constitution for counsel's failure to raise the issue that the trial court erred when declaring petitioner to be a sexual predator.

> 3. The petitioner was denied the effective assistance of appellate counsel in violation of his Sixth and Fourteenth Amendment rights under the United States Constitution and Article I Section 10 of the Ohio Constitution due to his failure to raise the issue

> that petitioner's guilty plea was unknowingly made due to the court's failure to inform him that post-release control would be a mandatory part of his sentence.
>
> 4. The Ohio court of appeals violated petitioner's due process rights under the Fourteenth Amendment to the United States Constitution and Article I Section 10 of the Ohio Constitution when it dismissed his appeal for reasons unfounded in fact.
>
> 5. The trial court abused its discretion and violated petitioner's Fourteenth Amendment rights under the United States Constitution and Article I Section 10 of the Ohio Constitution by dismissing petitioner's post-conviction petition after he showed a prima facie showing of ineffective assistance of trial counsel.
>
> 6. The trial court erred when it failed to strictly comply with criminal rule 11(C) by failing to properly advise petitioner of his right to compulsory process in violation of his Fourteenth Amendment rights under the United States Constitution and Article I Section 10 of the Ohio Constitution.
>
> 7. The state trial court violated petitioner's Fourteenth Amendment rights under the United States Constitution and Article I Section 10 of the Ohio Constitution when failing to allow petitioner to withdraw his involuntary guilty plea.
>
> 8. The trial court violated petitioner's Fourteenth Amendment rights to due process and Article I Section 10 of the Ohio Constitution when ordering consecutive sentences.
>
> 9. The Ohio Court erred in sentencing petitioner to more than the minimum sentence when he had not previously served a prison term in violation of the Fourteenth Amendment under the United States Constitution and Article I Section 10 of the Ohio Constitution.

(Pet. at 8-9.)

This case was referred to Magistrate Judge Kenneth S. McHargh ("the Magistrate Judge") for preparation of a Report and Recommendation ("R&R") on Nicholson's § 2254 Petition. The Magistrate Judge issued his Report and Recommendation on February 5, 2008, recommending that Nicholson's Petition be denied. (ECF No. 13.) Specifically, the Magistrate Judge concluded that: (1) grounds one, two, three, six, eight, and nine have been procedurally defaulted; (2) grounds four

and five are not cognizable on federal habeas review; and (4) ground seven was not fairly presented to the state courts as a federal claim. (R&R at 12-21.)

Petitioner filed an Objection to the R&R ("Objection") on March 18, 2008. (ECF No. 10.) Petitioner argued that the R&R "failed to give the proper weight to Petitioner's claims, including 'causes' and 'prejudices' stated within. It also fails in its analysis of the Due Process violations which have brought Petitioner to this Court seeking relief." (Objection at 1.)

Upon careful *de novo* review of the Magistrate Judge's Report and Recommendation and all other relevant documents in the record, this court finds that the Magistrate Judge's conclusions are fully supported by the record and controlling case law. Accordingly, for the reasons stated by the Magistrate Judge, the court adopts the Magistrate Judge's R&R as its own.

Consequently, Nicholson's Petition is hereby denied, and final judgment is entered in favor of Respondent. The court further certifies that pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

March 24, 2008